JOHN P. McKAY, (SBN 43551)
E-Mail: jmckay@mbglaw.com
PAUL A. de LORIMIER, (SBN 110566)
E-Mail: pdelorimier@mbglaw.com
NANCY A. RAMSEY,(#110566)
E-Mail: nramsey@mbglaw.com
McKAY, de LORIMIER & ACAIN
3250 Wilshire Boulevard, Suite 603
Los Angeles, CA 90010-1578
Telephone: (213) 386-6900
Facsimile: (213) 381-1762

Attorneys for Defendant ST. GARABED
ARMENIAN APOSTOLIC CHURCH OF
HOLLYWOOD

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARINE SIRAKANYAN, an individual,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>ST. GARABED ARMENIAN APOSTOLIC CHURCH OF HOLLYWOOD,<br><br>　　　　Defendants. | CASE NO. CV 10-0103 ODW (FFMx)<br><br>**[~~PROPOSED~~] ORDER RE STIPULATED PROTECTIVE ORDER**<br><br>**NOTE CHANGES MADE BY COURT**<br><br>Filing Date:　January 7, 2010<br>Trial Date:　　May 3, 2011 |

WHEREAS, the parties herein agree that the proceedings in the above-entitled action may involve the production of financial and/or other information that either party or a third party considers to be sensitive, confidential and/or proprietary; and

WHEREAS, the parties herein have read and understand the Court's Standing Order on Confidential and Sealed Documents and agree to abide by its terms;

THEREFORE, IT IS HEREBY STIPULATED by and among the undersigned parties, through their counsel of record, as follows:

1. This Stipulation and Protective Order and the Order ("Order") issued thereon shall govern all documents and discovery materials produced within the context of this litigation.

2. As used herein, the term "counsel of record" shall mean the attorneys of record in this proceeding, their partners and associates, paralegals, clerks, assistants and other persons employed by such attorneys, all of whom shall be bound by the provisions of this Order.

3. In connection with discovery proceedings in this action, any party to this action (hereinafter the "designating party") shall have the right to designate any document, thing, material, testimony, or other information derived therefrom, as CONFIDENTIAL INFORMATION under the terms of this Order. CONFIDENTIAL INFORMATION is information that the designating party reasonably believes to constitute confidential or proprietary information and/or trade secrets relating to its business and/or information in which the party or third parties have a privacy interest.  In accordance with the Court's Standing Order on Confidential and Sealed Documents, prior to designating any specific information as CONFIDENTIAL INFORMATION, the designating party shall make a good faith determination that the information warrants protection under Rule 26(c) of the Federal Rules of Civil Procedure.

4. Any party who objects to the designation of material as CONFIDENTIAL INFORMATION shall notify the designating party in writing of that objection, specifying the designated material to which the objection is made. The parties shall, within 10 days of service of the written objection, meet and confer concerning the objection.  If the objection is not resolved at the meeting, the objecting party may proceed in good faith to challenge the designation in a timely manner. **Any such motion must comply with Local Rule 37. (FFM)** All documents designated CONFIDENTIAL INFORMATION pursuant to this Order shall remain confidential until any such motion by the objecting party is granted and

the Court declares that the designated material is not subject to the protection of this Order. The party making the designation shall have the burden of establishing the confidential nature of the designated material and that it is entitled to protection under the applicable law. If no such motion is filed within 45 days after the parties "meet and confer" as provided above, the material will be deemed conclusively subject to the protection of this Order for purposes of discovery.

      5.     Persons receiving CONFIDENTIAL INFORMATION shall not reveal to or discuss such information with any person who is not entitled to receive such information and shall not use such information for any purpose other than for the prosecution or defense of this action.

      6.     As used herein, the term CONFIDENTIAL INFORMATION shall refer to:

      (a)     Any documents (including any portions thereof and any information contained therein) designated to be confidential by any party and which has had stamped or affixed thereon the word "CONFIDENTIAL."

      (b)     All deposition testimony, including oral testimony, deposition transcripts and the information contained therein, shall initially be treated as CONFIDENTIAL INFORMATION and be included within the terms of this Order without the necessity of designating the testimony as CONFIDENTIAL INFORMATION. Upon transcription of the deposition, counsel shall have 20 days after receipt of the transcript to notify the deposition reporter and other counsel of record in writing of the portions of the transcript designated as confidential. Depositing the written notice in the United States mail within such 20 days shall be deemed timely compliance with this requirement. All other portions, or the entire transcript if no designation is made, shall not be confidential and shall not be within the terms of this Order. Alternatively, the parties may agree during any deposition that a part or all of the testimony shall be designated as CONFIDENTIAL INFORMATION. The parties may agree that the transcript of the designated

1  testimony shall be bound in a separate volume and marked "CONFIDENTIAL" by
2  the reporter. Alternatively, the parties may agree that part of the testimony is
3  Confidential without having that designated part transcribed in a separate volume.
4        (c)    CONFIDENTIAL INFORMATION does not include any
5  information or documents lawfully obtained or produced by a party outside of the
6  context of discovery in this litigation. However, nothing in this Order shall affect the
7  rights of any party to enforce any rights it may have regarding the confidentiality of
8  documents and other information disclosed or transferred to another party or person
9  prior to the institution of the present litigation.
10       7.    CONFIDENTIAL INFORMATION shall be disclosed only to:
11       (a)    The Court and its personnel in this litigation;
12       (b)    The jury;
13       (c)    Any party, or an officer, director, or employee of a party to the
14 extent deemed reasonably necessary by counsel to aid in the prosecution, defense, or
15 settlement of this action;
16       (d)    Experts and/or consultants (together with their staff) retained by
17 counsel of record on behalf of the parties;
18       (e)    Counsel of record and the respective personnel of the law firms
19 as set forth in paragraph 2;
20       (f)    Court reporter(s) and their staff employed in this action;
21       (g)    During their depositions, witnesses in the action to whom
22 disclosure is reasonably necessary. For those witnesses who are under the control of
23 either Party, that party must assure that the witness signs the Confidentiality
24 Agreement that is attached hereto as Exhibit A. If a non-party witness is not under
25 the control of either party, both parties shall attempt to have the witness execute the
26 Confidentiality Agreement that is attached hereto as Exhibit A. Under no
27 circumstances shall this agreement prevent a party from deposing a witness and
28 utilizing all relevant documents simply because the witness has refused to sign the

1 Confidentiality Agreement that is attached hereto as Exhibit A;

2     (h) The Mediator (and his/her staff) who has been mutually agreed upon by the parties; and

4     (i) Any other person(s) as to whom the parties agree pursuant to paragraph 10.

6     8. If counsel for any party should conclude that, for the purpose of this action, such party needs to disclose any CONFIDENTIAL INFORMATION, or information derived therefrom, to any person not described in paragraph 7 of this Order, counsel for such party must request permission from counsel for the designating party in writing and state the purpose of the disclosure. If the designating party objects to the proposed disclosure, no such disclosure shall be made unless the Court, upon motion and for good cause shown, orders otherwise. **Any such motion must comply with Local Rule 37.  (FFM)** However, each party may disclose its own CONFIDENTIAL INFORMATION without regard to this Order unless otherwise under an existing duty to another person not to do so.

16     9. CONFIDENTIAL INFORMATION shall be treated as confidential by all persons to whom such information may be disclosed and shall br used by all such persons solely for the prosecution, defense, or settlement of this action.

19     10. Except for those described in paragraph 7 (a) through (h), any person to whom the CONFIDENTIAL INFORMATION may be shown pursuant to this agreement shall first be shown and read a copy of this Stipulation and Order and shall agree in writing to be bound by its terms by signing a copy of the Confidentiality Agreement attached hereto as Exhibit A.

24     11. Upon final termination of this action, each party shall promptly assemble and return all CONFIDENTIAL INFORMATION, including all copies thereof, to the designating party or to such other party which produced the CONFIDENTIAL INFORMATION in this action upon the written request of the party seeking the return of the material. The party to whom such CONFIDENTIAL INFORMATION

is returned shall acknowledge receipt of such material in writing. Counsel for parties shall be entitled to keep an archive copy of the CONFIDENTIAL INFORMATION.

12. Counsel shall consult in good faith prior to the filing of any papers with the Court that include material designated as CONFIDENTIAL INFORMATION by another party, or information derived therefrom. The parties will determine whether the party who made the CONFIDENTIAL designation desires the filing to be under seal. If the party designating the material as CONFIDENTIAL desires it to be under seal, the party seeking to file such material with the Court shall secure an order from the Court permitting such filing in accordance with Local Rule 79-5 of the Civil Local Rules, Central District of California (or the applicable Rules in effect at the time), and this Court's Standing Order on Confidential and Sealed Documents. All CONFIDENTIAL INFORMATION lodged with the Court in support of a motion shall be submitted in accordance with the requirements of the applicable Local Rules and the aforementioned Standing Order.

13. This Stipulation and Order does not constitute a waiver of any party's rights to object to discovery on any grounds. This Stipulation and Order does not constitute an admission by any party that any information that I or any opponent designates as CONFIDENTIAL INFORMATION is in fact proprietary information and/or a trade secret, and/or information in which a party or third parties have a privacy right. Notwithstanding the foregoing, all parties to this Stipulation reserve all trade secrets, proprietary information, and/or privacy objections with respect to materials they believe may be encompassed in a discovery request.

14. Notwithstanding the provisions of paragraph 13, above, where a party believes that a third party or parties have a privacy interest in CONFIDENTIAL INFORMATION, that party may, in place of or in addition to producing such CONFIDENTIAL INFORMATION pursuant to the terms of this Stipulation and Order, meet and confer with other counsel to attempt to limit the information produced or the use of the information so as to balance the privacy interests of the

third parties with the interest of the party seeking the material. In the event the parties are unable to agree on terms for the production and use of the CONFIDENTIAL INFORMATION, the matter may be submitted to the Court, either by way of motion for protective order or to compel responses to discovery, so that the Court can make an appropriate order balancing the privacy rights of the third parties with the needs of the parties for the information in prosecuting or defending the lawsuit. **Any such motion must comply with Local Rule 37. (FFM)**

15.  This Order is not intended to govern the use of CONFIDENTIAL INFORMATION at any trial of this action. Questions of the protection of such material during trial will be presented to the Court prior to trial.

16.  If another court or administrative agency subpoenas or orders production of CONFIDENTIAL INFORMATION that a party has obtained under the terms of this Order, such party shall promptly notify the designating party of the pendency of the subpoena or order and shall not produce the CONFIDENTIAL INFORMATION until the designating party has had reasonable time to object or otherwise to take appropriate steps to protect the material. The designating party shall have such reasonable time as long as such time does not extend beyond the time provided to the party who receives the subpoena or order for production of CONFIDENTIAL INFORMATION to comply with said subpoena or order.

17.  The parties agree that any CONFIDENTIAL INFORMATION they may provide to one another after the execution of this Stipulation by counsel, but before the signing and entering of the Order by the Court, shall have the same protection as it would if it were produced after signing and entry of the Order.

18.  This Order shall not prevent any of the parties from moving this Court for an order that CONFIDENTIAL INFORMATION may be disclosed other than in accordance with this Order. This Order is without prejudice to the right of any party to seek a modification of it from the Court. It shall remain in effect until such time as it is modified, amended, or rescinded by the Court. The Court shall have

continuing jurisdiction to modify, amend, or rescind this Order notwithstanding the termination of this action.

19.   This Stipulation may be signed in counterparts.

IT IS SO ORDERED:

DATED:   November 5, 2010

                                        /S/ FREDERICK F. MUMM
                                        Frederick F. Mumm
                                        UNITED STATES MAGISTRATE JUDGE

continuing jurisdiction to modify, amend, or rescind this Order notwithstanding the termination of this action.

19.   This Stipulation may be signed in counterparts.

IT IS SO ORDERED:

DATED:   November 5, 2010

                        /S/ FREDERICK F. MUMM
                        Frederick F. Mumm
                        UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

*Sirakanyan v. St. Garabed Armenian Apostolic Church of Hollywood*

CERTIFICATION RE STIPULATION AND PROTECTIVE ORDER

I have read the Stipulation and Protective Order concerning CONFIDENTIAL INFORMATION, and have been advised by counsel pursuant to paragraph 5 thereof that I may not divulge or disseminate any CONFIDENTIAL INFORMATION or confidential information derived therefrom covered by said Stipulation and Protective Order to any other person or entity who is not defined therein. I understand that pursuant to said Stipulation and Protective Order, I may not divulge any such information to any other person or entity.

Furthermore, I agree to submit personally to the jurisdiction of the above Court and I waive all objections I may have concerning the Court's jurisdiction, including personal jurisdiction, or competence to determine whether the Stipulation and Protective Order has been violated and whether sanctions should be imposed upon me, including contempt of Court, or upon any entity.

Dated: _____     Signed: _____

                                             Print Name: _____

                                             Address: _____

                                                                _____

                                                                _____